In the matter of EDWARD T. BELLAH, Trustee under the will
of ELIJAH HOLLINGSWORTH, deceased.

*New Castle,March T.*, 1896.

The Court of Chancery has power to authorize a trustee to take title
to real estate, sold under a mortgage held by him as trustee, and
bid in by him, although the will did not authorize him to invest
in real estate; Provided, that the authority asked for by the
trustee is clearly required for the benefit of all interested and
for the preservation of the *corpus* of the trust fund.

PETITION BY TRUSTEE FOR APPROVAL OF HIS ACTION AND
INSTRUCTIONS.—The petitioner was trustee for Anna R. Hol-
lingsworth, by appointment of the Chancellor, under the last
will and testament of Elijah Hollingsworth, deceased. The
testator in and by his said will dated June 27, 1865, and
since his decease duly approved and allowed, devised and be-
queathed, *inter alia*, as follows:

"Item Fourth—I give and bequeath unto .....................................
One hundred thousand dollars in special trust to invest the
same in some safe and productive securities, preferring bonds
and mortgages of real estate with power from time to time
to call in and re-invest the same as may be necessary; and
all interest, dividends and income which may accrue therefrom,
to receive and pay over into the proper hands of my said
wife, Anna R. Hollingsworth, for her sole and separate use,
during her natural life; and upon her decease, then in trust
to dispose of said principal sum of One Hundred thousand
dollars in such manner as she my said wife by her last will
and testament or by any writing executed as such shall direct
and appoint and in default of such appointment, then in
trust to pay and distribute the said principal equally to and
among such person or persons as may then be my next of kin,

according to the Statute of the State of Delaware, for the distribution of intestate persons' estates for the time being, but so that the issue of a decesed person, who if living would be entitled to a share of said principal sum, shall take such share only, equally among them if more than one."

On the petition of the executors, the petitioner was, by an order of the Court of Chancery made April 4, 1868, appointed trustee, under the said last will and testament, of the said legacy, and having thereafter accepted the trust and given bond, he entered upon the duties of the office and was still acting as such.

Among the investments of the trust fund were a bond and mortgage of William F. Seeds and Viola, his wife, dated November 9, A. D. 1899, and recorded in the office for the recording of deeds, &c. in and for New Castle County, aforesaid, in mortgage record I, Vol. 7, 239 &c., the said mortgage covering a certain lot of land in the City of Wilmington, County and State aforesaid, with a large brick carpenter shop and brick stable thereon erected.

The interest having been in arrears since June 4, 1892, the petitioner after exhausting every effort to collect the same, sued out a *Scire Facias* on the said mortgage, being No. 123 to the November Term, 1894, of the Superior Court in and for New Castle County, and at said Term recovered judgment thereon; and afterwards issued a *Levari Facias*, being No. 110 to the February Term, 1895. Under the last mentioned writ the property was sold and there being no bidders, except the petitioner, he bid in said property at the sum of One Hundred Dollars, and it was alleged that the Sheriff was then prepared to execute to him a deed for said property. And the petitioner set forth that in his judgment it was for the best interest of the trust estate that he should take title to the property and hold the same as part of the trust estate rather than to sacrifice it by a sale, at the time of the application, at a price below its real value.

The petitioner prayed:

(1) For the approval of the Court of his acton, in the foreclosure of the mortgage, the sale of the mortgaged property and its purchase by the petitioner as trustee.

(2) That the petitioner might be permitted, under the order and decree of the Court, to take title to the lands in his name as trustee as aforesaid, and out of the said trust fund to pay the necessary costs and attorney's fees incurred by the proceedings.

(3) "That the Court should by its further order and decree define the rights, powers and duties of the said Trustee with respect to said lands so taken by him in his name as . trustee as aforesaid, and that this Court may by its said order and decree as aforesaid, order and direct the said trustee to grant leases of said lands and premises, and to sell and convey the said premises whenever occasion may offer, under the directions of this Court, either at public or private sale, upon such terms as to cash or credit, as may be possible and advantageous to said trust fund, and without responsibility on the part of the purchaser or purchasers thereof to see to the application, non-application, or mis-application of the purchase money therefor."

(4) Such further or other relief as might be required.

The petition verified by the affidavit of the trustee having been filed, *Charles W. Smith*, for the petitioner, presented the same to the Chancellor and asked for an order in accordance with the prayers of the petition.

THE CHANCELLOR, after having duly considered the allegations and prayers of the petition, was of opinion that the acts of the trustee as set forth by him in the petition had been performed because of the necessities of the case and were for the best interests of the *cestui que trust*, and for the benefit of the trust fund, and, it appearing that the authority asked for by the trustee was necessary in order to preserve the *corpus* of the trust fund, the same ought to be granted.

He was also of opinion that the action of the trustee in the foreclosure of the mortgage and the sale of the mortgaged premises and the purchase of the same by him should be approved, and that he should take title to the property as trustee, at the same time stating that this is a power to be exercised by the Court of Chancery with extreme caution, and only when clearly required for the benefit of all interested and for the preservation of the *corpus* of the trust fund.

He also considered that it was manifestly proper, in view of the approval by the Court of this action, that the necessary costs and expenses of the proceedings, including counsel fees incurred, should be paid out of the trust fund; and that the trustee should have power to grant leases and cancel and renew the same, or sell and convey the premises under the direction of the Court, at public or private sale and upon such terms as should be most advantageous to the trust fund; and that the said trustee should hold the real estate as a part of the trust fund bequeathed in said Fourth Item of the recited will.

The following decree was entered:

And Now To Wit, This eleventh day of April, A. D. 1896, the petition of Edward T. Bellah, Trustee for Anna R. Hollingsworth, having been read by the Chancellor, and by him maturely considered, and it being considered by the Chancellor that the acts of the said Trustee therein set forth have been performed because of the necessities of the case, and are for the best interests of the said *cestui que trust* and for the benefit of the said trust fund, and it further appearing from the facts and case presented upon said petition that the prayers of said petitioner are proper and ought to be granted:

Now Therefore this Court orders, driects, adjudges and decrees that the action of said Trustee in the foreclosure of said mortgage, the sale of said mortgaged premises under the writ of *Levari Facias* in said petition mentioned and the purchase by said Trustee of the said lands at said sale in his character of Trustee be, and the same are hereby approved;

that the said Trustee take title to said property, so purchased by him as Trustee as aforesaid, in the name of him, the said Edward T. Bellah as Trustee as aforesaid; that the said Trustee be and he is hereby authorized to pay out of said trust fund the necessary and proper Court costs in obtaining a deed for said lands from the said Sheriff, and the costs of this present proceeding, and the Counsel fees incurred in this present petition and in the said foreclosure proceedings on said mortgage; that the said Trustee shall have and exercise with reference to said real estate the rights, powers, and duties, to grant leases of said lands and premises, and the same to cancel and renew as necessity may require, to sell and convey the said premises whenever occasion may offer, under the order and direction of this Court either at public or private sale, upon such terms as to cash or credit, as may be possible and advantageous to the said trust fund, and without responsibility on the part of the purchaser or purchasers thereof to see to the application, non-application or mis-application of the purchase money therefore; that the said Trustee hold said real estate, as a part of the said trust fund, so bequeathed by the said Elijah Hollingsworth, in and by the said fourth item of his said last will and testament, subject, however, to such further orders, directions and decrees of the Chancellor of and concerning the same, as may be made at any time hereafter; and the said Trustee shall account for all the rents, issues, and profits of said real estate as a part of the income of said trust fund.

Note.—See *In re Baker, Trustee, post.* and *Note.*